### RANEY ANN MITCHELL *v.* L. L. MOORE, ASSIGNEES, ETC.

**Trusts—Election by Cestui Que Trust—Lien.**

> Where a cestui que trust elected to take the land in which the trust money had been invested, a lien should be given for the difference between the amount of the trust fund invested in the land and the price paid therefor.

APPEAL FROM McLEAN CIRCUIT COURT.

October 9, 1873.

OPINION BY JUDGE PETERS:

The proper construction of the opinion of this court, delivered in this case when it was here on a former occasion, is that the court below should, by a reference of the case to the master, ascertain the difference between the amount of the trust funds in Barrett's hands at the time he and Williams purchased the land and the price they paid for it, and for that difference a lien should be retained on the land. Barrett and Williams were the purchasers of the land under the judicial sale. If they had kept it, there could have been no pretense that it would be subject to the payment of any part of appellee's debt remaining unpaid. To that sale Raney Ann Mitchell was no party, but was then prosecuting a suit for her trust funds in the hands of Barrett. This court, in the opinion referred to, allowed her to elect whether she would take the land at the price that Barrett and Williams purchased it, or would take

the money. It seems from the order that was made in the case when the opinion and mandate of this court were entered she elected to take the land. How that election was made does not appear. There is no order showing that the proceeding to recover her money has been dismissed. But be that as it may, the election must be understood to take the land at the price Barrett and Williams bought it at, with a lien on it for the difference between the amount of the trust funds in Barrett's hands and the price paid for it by Barrett and Williams. If they had retained it the lien on it would have extended only to the extent of the price paid for it.

The judgment of the court below in subjecting the land to sale to pay the whole amount of appellee's debt is erroneous and must, be reversed, and the cause remanded with directions to render judgment for the ascertained difference between the price Barrett paid for the land and the amount of the trust funds that was on his hands at the time the land was sold and for further proceedings consistent herewith.

*L. W. Gates, for appellant.*

*Owens, for appellee.*